**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| LEGENDARY FIELD EXHIBITIONS, LLC; | ) | CASE NO. 19-50900-CAG |
| | ) | |
| AAF PLAYERS, LLC; | ) | CASE NO. 19-50902-CAG |
| | ) | |
| AAF PROPERTIES, LLC; | ) | CASE NO. 19-50903-CAG |
| | ) | |
| EBERSOL SPORTS MEDIA GROUP, INC; | ) | CASE NO. 19-50904-CAG |
| | ) | |
| LFE 2, LLC; | ) | CASE NO. 19-50905-CAG |
| | ) | |
| WE ARE REALTIME, LLC; | ) | CASE NO. 19-50906-CAG |
| | ) | |
| DEBTORS. | ) | (SUBSTANTIVE CONSOLIDATION OF |
| | ) | ALL 6 CASES INTO ONE CASE, |
| | ) | LEGENDARY FIELD EXHIBITIONS, |
| | ) | LLC, CASE NO. 19-50900-CAG) |
| | ) | JOINTLY ADMINISTERED UNDER |
| | ) | CASE NO. 19-50900-CAG |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR APPROVAL OF THE SETTLEMENT AGREEMENT WITH MGM RESORTS INTERNATIONAL OPERATIONS, INC. AND REQUEST FOR RELIEF (WITH 21-DAY LANGUAGE)**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Randolph N. Osherow, in his capacity as the Chapter 7 Trustee (the "**Trustee**") of Ebersol Sports Media Group, Inc., AAF Players, LLC, AAF Properties, LLC, Legendary Field Exhibitions, LLC, LFE 2, LLC, and We Are Realtime, LLC, (collectively, the "**Debtors**"), hereby respectfully submits his Motion (the "**Motion**") for Approval of the Settlement Agreement (the "**Settlement Agreement**"), attached as Exhibit "B" with MGM Resorts International

1

A copy of the proposed Order attached as
Exhibit "A".

Operations, Inc. ("**MGM**"), pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9019. The Motion requests entry of an order in the form attached hereto as **Exhibit A** approving the Settlement Agreement.  Subject to Bankruptcy Court approval, the Settlement Agreement authorizes the Debtors and MGM (collectively, the "**Parties**") to take any and all actions necessary to effectuate the terms of the Settlement Agreement.

1.      This Motion is made and based on the Memorandum of Points and Authorities provided herein, the pleadings, papers, and other records on file with the Clerk of the Bankruptcy Court, judicial notice of which is hereby requested, and any argument of counsel entertained by the Bankruptcy Court at the time of the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

2.      Prior to the filing of these bankruptcy cases, and through various agreements, MGM invested $7,000,000 to help finance the Debtors' operations and develop their intellectual property. Shortly after the filing of these bankruptcy cases, MGM engaged the Trustee to acquire the Debtors' intellectual property, and the Parties negotiated the terms and provisions of the Settlement Agreement.  The Settlement Agreement is straight forward, and primarily includes: (a) the sale of the Debtors' intellectual property to MGM for $125,000; (b) MGM's reduction of its $7,000,000 claim to $5,000,000; and (c) general releases between the Parties.  Accordingly, the Trustee seeks Bankruptcy Court approval of the Settlement Agreement, including the mutual compromises and agreements therein.

### II.
### JURISDICTION, VENUE, AND BASIS FOR RELIEF

3.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (B), (M), (N), and (O). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　The statutory basis for the relief sought herein arises from 11 U.S.C. § 105 and Bankruptcy Rule 9019.

## III.
## PERTINENT FACTS

**A.**　　**MGM's Intellectual Property Claim**.

5.　　On April 16, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**"), before the United States Bankruptcy Court for the Western District of Texas (the "**Bankruptcy Court**"), commencing Case Nos. BK-S-19-50900-CAG; BK-S-19-50902-CAG; BK-S-19-50903-CAG; BK-S-19-50904-CAG; BK-S-19-50905-CAG; and BK-S-19-50906-CAG (collectively, the "**Bankruptcy Cases**").

6.　　On April 17, 2019, the Bankruptcy Court appointed Randolph N. Osherow as the Trustee.

7.　　In Schedule D: Part 1 of their joint petition, the Debtors identified MGM as a secured creditor, with a security interest in certain of the Company's intellectual property (the "**Security Interest**") in the amount of $7,000,000 (the "**Claim**"). MGM acquired its Security Interest by entering into that certain Note and Warrant Purchase Agreement, dated September 10, 2018, which was subsequently amended and restated by the Amended and Restated Note and Warranty Purchase Agreement, dated September 28, 2018 (the "**Purchase Agreement**").

8.　　As condition to closing the Purchase Agreement, the Parties subsequently entered into that certain Security Agreement, dated September 28, 2018 (the "**Security Agreement**"), whereby the Debtors granted to MGM a security interest in, and a lien on the Debtors' right, title

and interest in those certain intellectual property rights as defined in the Security Agreement (the "**IP**"). On October 1, 2018, MGM filed a UCC-1 Financing Statement with the Delaware Department of State, perfecting its security interest in the IP.

9. On April 1, 2019, the Parties entered into a certain IP License and Escrow Agreement (the "**IP Agreement**"), under which the Debtors provided MGM with a perpetual, irrevocable and fully paid-up license for the use of the IP.

10. MGM now seeks to obtain ownership of the IP, and the Parties hereto have concluded that it is in their best interests to consensually resolve MGM's claims in the Bankruptcy Cases and IP, including those asserted or which could have been asserted in the Bankruptcy Cases, or any adversary proceeding or contested matter brought or that could have been brought therein, on the terms and conditions set forth herein, subject only to entry order of the Bankruptcy Court approving the Settlement Agreement.

11. Starting shortly after the Petition Date, the Debtors and MGM began working diligently and cooperatively with each other to effectuate the steps necessary to resolve MGM's Claim, in part, and its rights under the Security Agreement and the IP Agreement. As a result of these combined efforts, the Trustee and MGM prepared the Settlement Agreement, which the Parties agreed is a mutually acceptable resolution of their respective rights. The Settlement Agreement represents the culmination of good faith, arm's length negotiations among the Parties and includes mutually agreed upon compromises and/or adjustments in order to arrive at a result which is satisfactory and acceptable to the Parties.

**B.** **Material Terms of the Settlement Agreement**

12. As set forth in Section 2 of the Settlement Agreement, upon Bankruptcy Court approval, MGM shall pay to the Trustee $125,000.00 for ownership of all of the Debtors' right, title and interest in and to the IP, and any and all other intellectual property rights related thereto.

13.     Section 3 of the Settlement Agreement provides that, as additional consideration for the transfer of IP to MGM, MGM will reduce its Claim by $2,000,0000.

14.     Section 4 of the Settlement Agreement provides for the mutual general releases among the parties.

15.     Finally, upon Court approval, the Trustee requests the order approving this Motion be effective immediately upon its entry and a waiver of the 14-day stay of Bankruptcy Rule 6004(h). Fed. R. Bankr. P. 6004(h).

## IV.
## LEGAL ARGUMENT

16.     Compromise and settlement agreements have long been an inherent component of the bankruptcy process. See Protective Comm. for Index Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1958) (citing Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). The approval of compromises or settlements in bankruptcy proceedings is generally governed by Bankruptcy Rule 9019(a), which provides the following:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

17.     Compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the parties' compromise rests in his or her sound discretion. In re Stein, 236 B.R. 34, 37 (Bankr. D. Or. 1999). The law prefers compromise "as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986). Public policy supports pretrial compromises because litigation "can occupy a court's docket for

years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive." In re Grau, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001) (quoting Matter of Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996)).

18.     The United States Supreme Court has found that a bankruptcy settlement must be fair and equitable. See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). Courts routinely state that "in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." In re Stein, 236 B.R. at 37; see also In re A & C Properties, 784 F.2d at 1381; Schmitt v. Ulrich, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997). A debtor is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approving the settlement.  In re Pac. Gas and Elec. Co., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004); In re WCI Cable, Inc., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002).  Further, the settlement does not have to be the best the debtor could have possibly obtained; rather, the settlement must only fall "within the reasonable range of litigation possibilities." See In re Adelphia Comm. Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979) ("Indeed, a court may approve a settlement even if it believes that the Trustee ultimately would be successful.")).

19.     There is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion—and the bankruptcy court will not be reversed if the appellate court concludes that the settlement lies within that range. See id.

(citing <u>Newman v. Stein</u>, 464 F.2d 689, 693 (2d Cir. 1972)). The bankruptcy court "need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" <u>See id</u>. (<u>citing</u> <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir. 1983)); <u>see also</u> <u>Ars Brook, LLC v. Jalbert</u> (<u>In re Servisense.com, Inc.</u>), 382 F.3d 68, 71-72 (1st Cir. 2004); <u>In re Energy Cooperative, Inc.</u>, 886 F.2d 921, 929 (7th Cir. 1989); <u>New Concept Housing, Inc. v. Poindexter et al.</u> (<u>In re New Concept Housing, Inc.</u>), 951 F.2d 932, 938 (8th Cir. 1991).

20.     For the reasons set forth below, the factors set forth by the U.S. Supreme Court in <u>Protective Comm.</u>, support a finding that the Settlement Agreement is fair and reasonable and in the best interests of the estates. Accordingly, this Bankruptcy Court should grant this Motion and approve the Settlement Agreement.

**A.      The Probability of Success in Litigation.**

21.     The Settlement Agreement effectuates and approves the negotiations and various compromises and adjustments the Parties reached regarding the Claim, the Security Agreement and the IP Agreement.  Specifically, the Settlement Agreement helps to quickly facilitate and resolve: (i) the possibility that MGM is successful in the litigation of its contractual rights on the merits, thereby stripping the Debtors' estates of their valuable IP; (ii) the difficulty of defending that litigation with MGM; and (iii) the expense and complexity attendant to the litigation. Moreover, if the IP is not developed, its value will likely dissipate, reducing the asset value of the Debtors' estates unnecessarily.

22.     Said otherwise, while MGM is confident that it would ultimately prevail in litigating its contractual rights and the Claim, it acknowledges the Debtors have defenses, and that all litigation entails some risk and uncertainty.  Litigating MGM's contractual rights in particular would be a fact intensive determination for the Court, and the litigation would require detailed

research and analysis. The litigation would also likely entail significant attorneys' fees, and may require the retention of experts. In light of these risks, the complexity, and the costs, the Parties determined that the Settlement Agreement is in best interests of the estates and all stakeholders.

23. Thus, the first factor—probability of success in litigation—weighs in favor of approval of the compromises and settlements contained in the Settlement Agreement.

**B.      Collection Difficulties.**

24. The likelihood of payment to the Debtors of the $125,000 settlement by MGM does not appear risky. Not surprisingly, the returns to creditors in the Bankruptcy Cases appears to be limited, and the Debtors are uncollectible. Given this common scenario in Chapter 7, the second factor is neutral under the terms of the Settlement Agreement.

**C.      The Complexity of the Litigation Involved and Expense, Inconvenience, and Delay Attendant to it.**

25. It is not likely the parties will dispute MGM's Claim amount of $7,000,000. It is likely, however, that all parties will agree litigating MGM's contractual rights will take a material amount of time and expense. Continuing this process for an indefinite period will also reduce estate assets unnecessarily.

26. Additionally, the Trustee is aware of competing claims to the IP. Determining the legal ownership of intellectual property rights is often a fact, cost, and time intensive process. This process would likely create additional burdens for the estates. Accordingly, the third factor—the complexity of litigation involved and the expense, inconvenience, and delay necessarily attending it—weighs heavily in favor of approving the Settlement Agreement.

**D.      The Paramount Interest of the Creditors.**

27. Under the fourth factor, the Bankruptcy Court must consider whether approving a settlement generally "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time." *In*

re Marples, 266 B.R. 202, 207 (Bankr. D. Idaho 2001). Approval of the Settlement Agreement is expected to expedite the liquidation of one of the Debtor's assets, avoid disputes, and maximize estate recoveries under the circumstances. As such, the fourth factor also weighs in favor of approval of the Settlement Agreement.

## VI.
## CONCLUSION

28. Based upon the foregoing, the Trustee respectfully requests that the Bankruptcy Court enter an order granting the Motion in its entirety in the form attached hereto as **Exhibit A**, thereby approving the Settlement Agreement, waiving the 14-day stay of Bankruptcy Rule 6004, and authorizing the Parties to take any and all actions necessary to effectuate the terms of the Settlement Agreement. The Trustee also requests such other and further relief as the Bankruptcy Court deems just and proper.

DATED this 21 day of June, 2019.

/S/
Randolph N. Osherow
Texas State Bar No. 15335500
342 West Woodlawn, Suite 100
San Antonio, Texas 78212
(210) 738-3001 – Telephone
(210) 737-6312 – Fax
rosherow@hotmail.com
Chapter 7 Trustee

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| LEGENDARY FIELD EXHIBITIONS, LLC; | ) | CASE NO. 19-50900-CAG |
| | ) | |
| AAF PLAYERS, LLC; | ) | CASE NO. 19-50902-CAG |
| | ) | |
| AAF PROPERTIES, LLC; | ) | CASE NO. 19-50903-CAG |
| | ) | |
| EBERSOL SPORTS MEDIA GROUP, INC; | ) | CASE NO. 19-50904-CAG |
| | ) | |
| LFE 2, LLC; | ) | CASE NO. 19-50905-CAG |
| | ) | |
| WE ARE REALTIME, LLC; | ) | CASE NO. 19-50906-CAG |
| | ) | |
| DEBTORS. | ) | (SUBSTANTIVE CONSOLIDATION OF |
| | ) | ALL 6 CASES INTO ONE CASE, |
| | ) | LEGENDARY FIELD EXHIBITIONS, |
| | ) | LLC, CASE NO. 19-50900-CAG) |
| | ) | JOINTLY ADMINISTERED UNDER |
| | ) | CASE NO. 19-50900-CAG |

**ORDER APPROVING THE MOTION OF THE CHAPTER 7 TRUSTEE
FOR APPROVAL OF THE SETTLEMENT AGREEMENT
WITH MGM RESORTS INTERNATIONAL OPERATIONS, INC.**

Upon consideration of the Motion (the "**Motion**") of the Chapter 7 Trustee (the

1

EXHIBIT "A"

"**Trustee**") of Ebersol Sports Media Group, Inc., AAF Players, LLC, AAF Properties, LLC, Legendary Field Exhibitions, LLC, LFE 2, LLC, and We Are Realtime, LLC, (collectively, the "**Debtors**"), for Approval of the Settlement Agreement with MGM Resorts International Operations, Inc., and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances and that no other further notice is necessary and no objections having been raised; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, its creditors, and the other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the representations made upon the record during the hearing of the Motion; and it appearing that the relief requested is reasonable and a benefit to the Debtors' estates, it is hereby:[1]

ORDERED that the Motion is hereby APPROVED; and it is further

ORDERED that the Settlement Agreement is approved; and it is further

ORDERED that the mutual general releases contained in the Settlement Agreement are hereby approved in all respects; and it is further

ORDERED that the 14-day stay set forth in Bankruptcy Rule 6004(h) is hereby waived, and this Order shall be effective immediately upon its entry; and it is further

ORDERED that any entity in possession or control of the IP Data is hereby authorized and directed to turn such IP Data over to MGM; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters

---

[1]    Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

relating to the entry of this Order.

# # #

Randolph N. Osherow
Texas State Bar No. 15335500
342 West Woodlawn, Suite 100
San Antonio, Texas 78212
(210) 738-3001 – Telephone
(210) 737-6312 – Fax
rosherow@hotmail.com
Chapter 7 Trustee



## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made this _____ day of June 2019, by and between Randolph N. Osherow, in his capacity as the Chapter 7 Trustee (the "Trustee") of Ebersol Sports Media Group, Inc., AAF Players, LLC, AAF Properties, LLC, Legendary Field Exhibitions, LLC, LFE 2, LLC, and We Are Realtime, LLC (collectively, the "Debtors"), and MGM Resorts International Operations, Inc. ("MGM"). The Trustee and MGM are each sometimes referred to herein as "Party" and collectively, as "Parties." All references to the Debtors shall include the Trustee in his capacity as the fiduciary of the Debtors' bankruptcy estates, and any successors or assignees of the foregoing. This Agreement is predicated upon the following recitals.

## RECITALS

**A.** On April 16, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), before the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court"), commencing Case Nos. BK-S-19-50900-CAG; BK-S-19-50902-CAG; BK-S-19-50903-CAG; BK-S-19-50904-CAG; BK-S-19-50905-CAG; and BK-S-19-50906-CAG (collectively, the "Bankruptcy Cases"). On April 17, 2019, the Bankruptcy Court appointed Randolph N. Osherow as the Trustee.

**B.** In Schedule D: Part 1 of their joint petition, the Debtors identified MGM as a secured creditor, with a security interest in certain of the Company's intellectual property (the "Security Interest") in the amount of $7,000,000 (the "Claim"). MGM acquired its Security Interest by entering into that certain Note and Warrant Purchase Agreement, dated September 10, 2018, which was subsequently amended and restated by the Amended and Restated Note and Warranty Purchase Agreement, dated September 28, 2018 (the "Purchase Agreement").

**C.** As condition to closing the Purchase Agreement, the Parties subsequently entered into that certain Security Agreement, dated September 28, 2018 (the "Security Agreement"), whereby the Debtors granted to MGM a security interest in, and a lien on the Debtors' right, title and interest in those certain intellectual property rights as defined in the Security Agreement (the "IP"). On October 1, 2018, MGM filed a UCC-1 Financing Statement with the Delaware Department of State, perfecting its security interest in the IP.

**D.** On April 1, 2019, the Parties entered into that certain IP License and Escrow Agreement, under which the Debtors provided MGM with a perpetual, irrevocable and fully paid-up license for the use of the IP.

**E.** MGM now seeks to obtain ownership of the IP, and the Parties hereto have concluded that it is in their best interests to consensually resolve MGM's claims in the Bankruptcy Cases and IP, including those asserted or which could have been asserted in the Bankruptcy Cases, or any adversary proceeding or contested matter brought or that could have been brought therein, on the terms and conditions set forth herein, subject only to entry order of the Bankruptcy Court approving this Agreement.

# AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing recitals and the covenants, agreements, promises, and representations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Party agrees as follows, subject only to the Bankruptcy Court's entry of an order approving this Agreement.

1.   **9019 Motion; Agreement Effective Date; Time**.

(a)   The Trustee shall file a motion in the Bankruptcy Cases pursuant to Section 105 of the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 4001 and 9019 (the "9019 Motion"), for approval of this Agreement and a waiver of the 14-day stay of the order approving the 9019 Motion (the "9019 Order"). All Parties hereby consent to a waiver of the 14-day stay in accordance with Bankruptcy Rule 6004.

(b)   This Agreement shall be binding and effective on the date the 9019 Order is docketed in the Bankruptcy Case, or, if the 14-day stay is not waived, the fifteenth (15th) day following entry of the 9019 Order (the "Effective Date"). This Agreement shall have no effect on the Parties' respective rights and interests absent Bankruptcy Court approval.

(c)   Time is of the essence with respect to all agreements and obligations of the Parties contained herein.

2.   **Settlement Payment and Transfer of the IP**. Upon the Effective Date, MGM shall pay to the Trustee $125,000.00 for ownership of all of the Debtors' right, title and interest in the IP, and any and all other intellectual property rights related thereto. The 9019 Order shall authorize the transfer of the IP by the Debtors to MGM, including any and all rights afforded to the Trustee or the Debtors to the IP. No further assignment document or event, other than the Effective Date, shall be required to transfer the IP to MGM. The Trustee represents and warrants that the Debtors own and have the right to assign and transfer their rights, title and interests in the IP, and the Debtors have not previously transferred such rights or interests in the IP.

3.   **Reduction of Claim Upon Closing**. As additional consideration for the transfer of the IP to MGM, upon the Effective Date, MGM will reduce its Claim by $2,000,000.

4.   **Indemnification and Mutual Releases**.

(a)   Releases by MGM to the Debtors and the Trustee. Immediately upon the Effective Date, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, MGM, for itself and on behalf of its parents, members, successors, predecessors, subsidiaries, affiliated entities, past and present shareholders, officers, directors, agents, representatives, attorneys, employees, subsidiaries, affiliates, related entities, successors and assigns, shall and is deemed to remise, release, and forever discharge the Trustee and the Debtors and their respective parents, members, successors, predecessors, subsidiaries, affiliated entities, past and present shareholders, officers, directors, agents, representatives, attorneys, employees, subsidiaries, affiliates, related entities, successors and assigns of and from all debts, demands, actions, causes of action, suits, accounts, contracts, agreements, and damages in any and all claims, counterclaims, demands, and liabilities whatsoever of every kind, nature, and

description whatsoever, both in law and equity, known or unknown, whether based in tort, contract, or any other theory of recovery (including, but without limitation, claims for incidental, consequential, compensatory, and punitive damages) from the beginning of the world until the date hereof.

(b) <u>Releases by Debtors and the Trustee to MGM</u>. Immediately upon the Effective Date, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Debtors and the Trustee, each for itself and on behalf of its parents, members, successors, predecessors, subsidiaries, affiliated entities, past and present shareholders, officers, directors, agents, representatives, attorneys, employees, subsidiaries, affiliates, related entities, successors and assigns, shall and is deemed to remise, release, and forever discharge MGM and its parents, members, successors, predecessors, subsidiaries, affiliated entities, past and present shareholders, officers, directors, agents, representatives, attorneys, employees, subsidiaries, affiliates, related entities, successors and assigns of and from all debts, demands, actions, causes of action, suits, accounts, contracts, agreements, and damages in any and all claims, counterclaims, demands, and liabilities whatsoever of every kind, nature, and description whatsoever, both in law and equity, known or unknown, whether based in tort, contract, or any other theory of recovery (including, but without limitation, claims for incidental, consequential, compensatory, and punitive damages) from the beginning of the world until the date hereof.

(c) <u>Mutual Releases in 9019 Order</u>. The releases contained in this Section 4 shall be also set forth in the body of the 9019 Order, as reflected in Exhibit A to this Agreement.

(d) <u>MGM's Allowed Claim</u>. Trustee has no objection to MGM filing a Claim against the Debtors in the amount of $5,000,000.

(e) <u>Relief from Stay</u>. The 9019 Order shall grant MGM relief from the automatic stay of Section 362 of the Bankruptcy Code, such that MGM shall be authorized to collect any and all files, documents, papers, patents, patent applications, source code, or related materials, in any form, related to the IP (the "<u>IP Data</u>"). Any parties in possession of any IP Data shall be authorized and directed to immediately turn the IP Data over to MGM.

(f) Notwithstanding anything to the contrary set forth herein, nothing in this **Section 4** shall be construed as a release of the covenants, representations, warranties, obligations, or liabilities (including, without limitation, any breach thereof) of any Party arising under this Agreement, the 9019 Order, or any implementing document required to be delivered pursuant to this Agreement.

5. **Authority**. Subject to entry of the 9019 Order, each Party represents and warrants that it has the full capacity and authority to act on its own behalf and on behalf of all who might claim through it to execute and deliver this Agreement and to bind itself and those who might claim through it to the terms hereof.

6. **Governing Law; Disputes**. Each of the Parties agrees that this Agreement shall be governed by the internal substantive laws and the choice of law rules of the State of Nevada and that the exclusive venue for any dispute arising out of this Agreement shall be the Bankruptcy Court.

SETTLEMENT AGREEMENT 3

7.   **WAIVER OF JURY TRIAL**.   TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE PARTIES EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY CONTROVERSY OR CLAIM, WHETHER ARISING IN TORT OR CONTRACT OR BY STATUTE OR LAW, BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONJUNCTION WITH THIS AGREEMENT, THE RELEASES GRANTED HEREBY, OR THE ASSIGNMENT (INCLUDING, WITHOUT LIMITATION, THE VALIDITY, INTERPRETATION, COLLECTION OR ENFORCEMENT HEREOF OR THEREOF), OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY IN CONNECTION HEREWITH OR THEREWITH. EACH PARTY ACKNOWLEDGES AND AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY PERSON TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES' ENTERING INTO THIS AGREEMENT AND THE PARTIES WOULD NOT HAVE ENTERED INTO THIS AGREEMENT WITHOUT THIS WAIVER, THE PARTIES HERETO ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION 7 IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER OF JURY TRIAL.

8.   **Counterparts**. This Agreement may be executed in multiple counterparts, each of which shall have the same force and effect as an original, and all of which together shall constitute one and the same agreement and an effective, binding agreement on the part of each of the undersigned. Signatures of the Parties transmitted by e-mail in PDF format or by facsimile shall be deemed to be their original signatures for all purposes.

9.   **Representations**.   Each Party represents that it has had the opportunity to consult with an attorney and has carefully read and understands the scope and effect of each provision of this Agreement and its attachments.   This Agreement shall be construed without regard to any presumption or rule requiring that it be construed against the Party causing this Agreement or any part hereof to be drafted.

10.   **No Waiver**.   The failure of any Party to enforce, at the time, any provision of this Agreement shall not be construed to be a waiver of such provision, or in any way affect the validity of this Agreement, or any part thereof, or the right thereafter to enforce any provision of this Agreement. No waiver of any breach of this Agreement shall be construed to be a waiver of any other breach.

11.   **Entire Agreement**.   This Agreement represents the entire agreement and understanding between the Parties concerning the subject matter hereof, and supersedes and replaces any and all prior agreements, representations, statements, and understandings concerning such matters. This Agreement may not be modified, amended, or terminated orally.   No modification, amendment, or termination, or any waiver of any provision herein, shall be binding unless it is in writing and signed by the Party against whom such modification, amendment, or waiver is sought to be enforced.

19365449

12.    **Survival**.  All representations, warranties, covenants, agreements, and undertakings of each Party contained herein shall survive the completion of the actions contemplated in this Agreement and the termination of the Bankruptcy Cases.

*[Remainder of the Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, each Party hereto has caused this Agreement to be duly executed by its respective authorized representative as of the date first written above.

**THE TRUSTEE, on behalf of:**

**Ebersol Sports Media Group, Inc.;**
**AAF Players, LLC;**
**AAF Properties, LLC;**
**Legendary Field Exhibitions, LLC;**
**LFE 2, LLC; and**
**We Are Realtime, LLC.**

By:_____
Name: Randolph N. Osherow, the Chapter 7
Bankruptcy Trustee

**MGM**

**MGM Resorts International Operations, Inc.**

By:_____
Name:
Title:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| LEGENDARY FIELD EXHIBITIONS, LLC; | § § § | CASE NO. 19-50900-CAG |
| AAF PLAYERS, LLC; | § § | CASE NO. 19-50902-CAG |
| AAF PROPERTIES, LLC; | § § | CASE NO. 19-50903-CAG |
| EBERSOL SPORTS MEDIA GROUP, INC.; | § § § | CASE NO. 19-50904-CAG |
| LFE 2, LLC; | § § | CASE NO. 19-50905-CAG |
| WE ARE REALTIME, LLC | § § § | CASE NO. 19-50906-CAG |
| DEBTORS | | (SUBSTANTIVE CONSOLIDATION OF ALL 6 CASES, INTO ONE CASE, LEGENDARY FIELD EXHIBITIONS, LLC, CASE NO. 19-50900-CAG) JOINTLY ADMINISTERED UNDER CASE NO. 19-50900-CAG |

## CERTIFICATE OF MAILING

I certify that copies of the Motion for Approval of Settlement Agreement with MGM Resorts International Operations, Inc. , was served to the below named persons by first class mail and to the parties on the limited mailing matrix on file with the Clerk's Office, on this the 26th day of June, 2019:

Legendary Field Exhibitions, LLC
4525 Macro
San Antonio, TX 78218

**Samuel A. Schwartz**
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
Counsel for MGM Resorts

U.S. Trustee
PO Box 1539
San Antonio, TX 78295

William A. (Trey) Wood, III
Bracewell LLP
711 Louisiana Suite 2300
Houston, TX 77002
**Counsel for Debtor(s)**

Limited mailing matrix entities on file with the Clerk to receive notice.

/s/ Randolph N. Osherow
RANDOLPH N. OSHEROW, Chapter 7 Trustee
342 West Woodlawn, Suite 100
San Antonio, Texas 78212
(210) 738-3001 - Telephone
(210) 737-6312 - Telefax
rosherow@hotmail.com

A Bounce Above
13745 Lyall Pl
Lakeside, CA 92040-4823

AAF-ARIZONA HOTSHOTS
Park Place Printing, Inc.
535 W Baseline Rd., Ste 104
Mesa, AZ 85210

Affanny Inc.
P.O. Box 233
Rancho Santa Fe, CA 92067-0233

AIRZONA BOARD OF REGENTS
ARIZONA STATE UNIV
C/O ROBERT CHARLES JR.
ONE SOUTH CHURCH AVE SUITE 2000
TUCSON, AZ 85701

ALAN J SNYDER
3315 Falling Creek
San Antonio, TX 78259

Ali, Salene
110 Sunnyland Dr
San Antonio, TX 78228-2915

ANGELA CATES
27022 Foggy Meadows Street
San Antonio, TX 78260

Annotti, Mark
2170 FAIRMONT CIRCLE
ORLANDO, FL 32837-6789

ANTHONY HURST
4716 Valdina Way
San Diego, CA 92124-2433

APRIL SCHULZE
10627 Larch Grove St.
Helotes, TX78023

Aramark Sports and Entertainment Services, L
C/O DUANE MORRIS LLP
JARRET P HITCHINGS
222 DELAWARE AVE SUITE 1600
WILMINGTON, DE 19801
Philadelphia, PA 19103-3041

Arizona Department of Revenue
2005 N Central Ave, Suite 100
Phoenix, AZ 85004-1546

ATLANTA JOURNAL CONSTITUTION
c/o Szabo Assoc. Inc.
3355 Lenos Rd NE Suite 945
Atlanta, GA 30326

AY Productions LLC
1334 Park View Avenue #250
Manhattan Beach, CA 90266-3751

Big Fogg, Inc.
42095 Zero Dr. Unit A2
Temecula, CA 92590-3747

bluemedia
Gallaghers & Kennedy
Joe Cotterman
2575 E Camelback Rd Suite 1100
Phoeniz, AZ 85016

BPM Concerts, LLC dba Ballpark Music
1045 Crossvine Rd.
Roswell, GA 30075-3886

Broadway Media, LLC dba KXRK, KEGA, KYMV.
KUUU, KUDD, KALL, KOVO
50 West Broadway #200
Salt Lake City, UT 84101-2024

Buck's Bags Inc.
2401 West Main St.
Boise, ID 83702-4845

BYRON JONES
113 MOSELEY AVE
EATONVILLE, FL 32751

CaliVenture Party Rentals
5562 Las Alturas Terrace
San Diego, CA 92114-5316

Callaway, Rob
12644 Brite Ranch
San Antonio, TX 78245-3218

Campbell Clinic Orthopedics
1400 South Germantown Road
Germantown, TN 38138-2205

Carroll, William
1285 Burgundy Court
Oviedo, FL 32766-6686

CBT CREATIVE BROADCASTIN TECHNIQUES
15 Charles Place
Closter, NJ 07624

CENTURY LINK COMMUNICATIONS, LLC
1025 El Dorado Blvd., Bankruptcy Legal
Broomfield, CO 80021

CHRIS MUFFOLETO
2781 Wassum Trail
Chuluota, FL 32766

Cliff Kleen Athletic
4480 Varsity Dr
Ann Arbor, MI 48108-5007

CLYDE SNOW & SESSIONS PC
201 SOUTH MAIN STREET SUITE 1300
SALT LAKE CITY, UT 84111

CMAXIII Entertainment/ Charles Sloan Jr.
24245 Wilderness Oak Apt #3310
San Antonio, TX 78258-7861

Colsell, Rick
3128 Guilitoy Ave
San Diego, CA 92117-2540

COMMONWEALTH OF PENNSYLVANIA
Attn: Deb Secrest/Labor/Ind Dept
Collections Support Unit
651 Boas Street, Rm 925
Harrisburg, PA 17121

Contemporary Services Corporation - CSC
17101 Superior St.
Northridge, CA 91325-1961

Coronado, Roberto
8034 Myrtle Glade
Converse, TX 78109-3275

Cottrell, Theodore
4580 Regency Trace,
Atlanta, GA 30331-6832

Cox Media LLC San diego dba Cox Media - West
P.O Box 50456
Los Angeles, CA 90074-0456

COX MEDIA SAN DIEGO
c/o Szabo Associates, Inc.
3355 Lenox Rd NE Suite 945
Atlanta, GA 30326

CYNTHIA FRELUND
c/o AARON C SMITH
& STEPHEN J HUMENIUK
LOCKE LORD LLP
111 S WACKER DR
CHICAGO, IL 60606

DANIEL K WARD
8431 Cheyenne Pass
San Antonio, TX 78254

DANNY RHINEHART
11476 Willow
Windermere, FL 34786

Datatix Systems dba Smith'sTix
335 West Bugatti Drive
Salt Lake City, UT 84115-2521

David S Pottruck Revocable Trust
201 Spear St, Ste 1750
San Francisco, CA 94105-1699

Davis, Chrystal
1017 Margot Ln
Lake Wales, FL 33853-2732

Decker, Shawn
17525 Silver Creek Ct
Clermont, FL 34714-5825

DENISE DELOACH
13214 Vista del Mundo
San Antonio, TX 78216

DONNA WINFREY
2980 Cordie Lee Lane
Germantown, TN 38138-8184

Down In Front Productions, LLC
1318 Alford Ave, Suite 201
Hoover, AL 35226-3161

Downey, Carolyn
7450 Olivetas Avenue
Apartment 40
La Jolla, CA 92037-4924

Dr. Jill's Foot Pads, Inc.
384 S Military Trail
Deerfield Beach, FL 33442-3007

ED MCCLURE
1610 CR 323
Jourdanton, TX 78026

EDWARD LEPP DBA LEPPSDESIGN, LLC
320 NORTH SHADOWWOOD DRIVE
ST. AUGUSTINE, FL 32086

EM Printing, LLC
3081 Bartlett Corporate Dr.
Bartlett, TN 38133-8943

Embassy Suites by Hilton South Jordan
Salt Lake City
10333 South Jordan Gateway
South Jordan, UT 84095-3954

Embassy Suites San Antonio Riverwalk Downtow
125 East Houston St.
San Antonio, TX 78205-2247

ENTERPRISE NEWS GROUP
825 N 300 WEST
SUITE NE 220
SALT LAKE CITY, UT 84103

Estrada, Letty
535 W Olmos Dr
San Antonio, TX 78212-1862

Evangelist, John
2669 Eltinge Drive
Alpine, CA 91901-2240

F&F Productions
14333 Myerlake Circle
Clearwater, FL 33760-2839

Fidelis Bookkeeping And Payroll Services
812 N Pacific St
Unit C
Oceanside, CA 92054-1967

Fikes, Bruce
113 W Huff Ave
San Antonio, TX 78214-2129

Fisher, Jason Zone
128 South Kikea Drive
Los Angeles, CA 90048-3526

Five Marketing & Management LLC
925 B Street #603
San Diego, CA 92101-4628

Florida Medical Distributors, LLC
123 Barrier Isle Drive
Ormond beach, FL 32176-2243

Flying V Group
2051 Placentia Ave.
Costa Mesa, CA 92627-3405

Foot Management, Inc.
7201 Friendship Rd.
Pittsville, MD 21850-2039

Ford, Steve
3275 Madison Ave
San Diego, CA 92116-4450

FRANCHISE TAX BOARDBANKRUPTCY SECTION
MS A340
PO BOX 2952
SACRAMENTO, CA 95812-2952

Franklin, Donna
6050 Brunswick Rd.
Lakeland, TN 38002-6945

FRESH CONCEPTS LLC
49 Research Drive
Milford, CT 06460

Gage, Christina
13021 Shenandoah Dr.
Lakeside, CA 92040-3333

GARY HORTENSTINE
1353 Old Virginia Ct.
Marietta, GA 30067

Gelvin, Eric
4354 E Sandia St.
Phoenix, AZ 85044

Georgia State University Athletics /
Georgia State University Stadium
755 Hank Aaron Dr.
Atlanta, GA 30315-1120

Georgia State University dba GSU Panther Di
55 Gilmer Street Room 318
Atlanta, GA 30303

Goddard, John
1833 Wind Willow Road
Belle Isle, FL 32809-6859

Green, Nicholas
18626 Creekside Pass
San Antonio, TX 78259-3306

GREY SEAL PUPPETS
PO BOX 12
MCCLELLANVILLE, SC 29458

Hamilton, Michael
2349 N. Atwood Circle
Mesa, AZ 85207-2490

Hands on Atlanta
C/O KILPATRICK TOWNSEND & STOCKTON LLP
1100 PEACHTREE STREET NE SUITE 2800
ATLANTA, GA 30309

HEATHER J PANKO
STUTZMAN BROMBERT ESSERMAN & PLIFKA
2323 BRYAN ST SUITE 2200
DALLAS, TX 75201

Hernandez, Jose
1681 san altos
Lemon Grove, CA 91945-3929

High Rise Audio
6783 S 2300 E
Salt Lake City, UT 84121-3121

Hog Wild
c/o R SHERWOOD
EVANS PETREE PC
1291 TULLY ST
1715 AARON BRENNER DR #800
MEMPHIS, TN 38107

Hyatt Regency Riverwalk San Antonio
123 Losoya
San Antonio, TX 78205-2688

ICM Partners - Terrell Davis
10250 Constellation Blvd. 31st floor
Los Angeles, CA 90067-6231

iHeartMedia Ent. Inc.
c/oHerzlich & Blum, LLP
15760 Ventura Boulevard
Suite 700
Encino, CA 91436

JACK DONALD SIDES II
5621 BUTTERCUP LANE
MCKINNEY, TX 75070

JACK KNIGHT ELECTRICAL
11625 RAINBOW RIDGE
HELOTES, TX 78023

JAMES PATRICK GLEASON
1237 Union Club Drive
Winter Garden, FL 34787

Jeff Knight Electrical
11625 Rainbow Ridge
Helotes, TX 78023-4406

| | | |
|---|---|---|
| JENNIFER L WHITMORE<br>6022 Spring Time<br>San Antonio, TX 78249 | JENNIFER MONN<br>3597 Gatlin Place Circle<br>Orlando, FL 32812 | Joe Bosack<br>1661 Oak Road<br>Pottsville, PA 17901-3209 |
| JOHN R RICHARDSON<br>13100 Hissen Ridge Ln<br>Clermonth, Fl 34715 | JOHN ROUNDTREE<br>9188 Mudville Rd.<br>Millington, TN 38053 | JONATHAN HODGINS<br>1334 Baur Boulevard<br>St. Louis, MO 63132 |
| Juleyna, LLC dba Exhibit Experts<br>4012 East Broadway<br>Suite 307<br>Phoenix, AZ 85040-8800 | KCYY/KISS/KTKX RADIO<br>C/O SZABO ASSOC INC<br>3355 LENOX RD NE SUITE 945<br>ATLANTA, GA 30326 | KENS TELEVISION<br>C/O SZABO ASSOC INC<br>3355 LENOX RD NE SUITE 945<br>ATLANTA, GA 30326 |
| KFMB TELEVISION<br>C/O ZSABO ASSOC INC.<br>3355 LENOX RD NE, SUITE 945<br>ATLANTA, GA 30326 | Knuckey, Thomas<br>310 W Hornbeam Dr<br>longwood, FL 32779-2533 | Kohlhausen, Susan<br>5918 Tivoli Gardens Blvd<br>Orlando, FL 32829-7704 |
| KPNX TELEVISION<br>C/O SZABO ASSOC INC.<br>3355 LENOX RD NE SUITE 945<br>ATLANTA, GA 30326 | KRLV/KOMP/KBAD RADIO<br>C/O SZABO ASSOC<br>3355 LENOX RD NE SUITE 945<br>ATLANTA, GA 30326 | Ladds<br>6881 Appling Farms Parkway<br>Memphis, TN 38133-4713 |
| LAMAR<br>P.O Box 96030<br>Baton Rouge, LA 70896-9030 | Lamar Advertising<br>1600 Century Ctr Pkwy #104<br>Memphis, TN 38134-6100 | LATHROP GAGE<br>RAYMOND URBANIK<br>2101 CEDAR SPRINGS RD<br>SUITE 1400<br>DALLAS, TX 75201 |
| LATHROP GAGE<br>WENDI ALPER PRESSMAN<br>7701 FORSYTH BLVD SUITE 500<br>ST LOUIS, MO 63105 | LAWRENCE D PARK109 OAKWOOD DR<br>CUMMIMG, GA 30040 | Lazser Down LLC<br>4528 W. 140th Street<br>Leawood, KS 66224-3591 |
| LEWIS CONSULTING<br>11317 VIA PLAYA DE CORTES<br>SAN DIEGO, CA 92124 | Lopez, Jake<br>8922 Summer Trail<br>San Antonio, TX 78250-2613 | Mabry, Ashaad<br>21302 Encino Commons #9204<br>San Antonio, TX 78259 |
| Major Promotions<br>3517 Spring Valley Court<br>Mountain Brook, AL 35223-1467 | MANUEL RAMIREZ<br>22702 Sabine Summit<br>San Antonio, TX 78258 | Markey, John & Teresa<br>5508 Redland Dr<br>San Diego, CA 92115-2215 |
| Marriott Hotel Services Inc DBA Scottsdale<br>Marriott at McDowell Mountains<br>John C Josefsberg<br>12740 Hillcrest Rd #240<br>Dallas, TX 75230 | MARRIOTT INTERNATIONAL INC.<br>John C. Josefsberg<br>12740 Hillcrest Rd suite 240<br>Dallas, TX 75230 | Mason, Thomas<br>7777 Glen American Apt 349,<br>Dallas, TX 75225-1840 |

Masque Sound & Recording DBA Professional
Wireless Systems
21 E Union Ave
East Rutherford, NJ 07073-2127

Matthies, Mason
PO Box 732
Rancho Santa Fe, CA 92067-0732

Maywald, John
39 Walnut Grove Road
Boerne, TX 78006-6222

Mclain, Nick
3753 e fairfield st
mesa, AZ 85205-4969

Media2, Inc. dba m2
1 Bridge St.
Suite 215
Irvington, NY 10533-1629

MIND OVER MEDIA LLC
15212 N 53RD STREET
SCOTTSDALE, AZ 85254

MMS MEDIA LLC
11872 REAGAN STREET
LOS ALAMITOS, CA 90720

Mobile Modular
NIEL BANSRAJ
5700 LAS POSITAS RD.
LIVERMORE, CA 94550

Morris, Colin
152 NE 167 Street
Suite 403
Miami, FL 33162-3400

Moxley, Trae J.
PO Box 1252,
Carbondale, CO 81623-1252

Muirbrook, Richard
2433 Hansen Meadows Drive,
Syracuse, UT 84075-9368

Murray, Aaron
C/O ELEMENT SPORTS
3180 NORTH POINT PKWY SUITE 106
ALPHARETTA, GA 30005

Nationwide Referral Company, Inc. dba Apartm
Relocation Center
11818 Wurzbach Rd.
San Antonio, TX 78230-2710

NBCUNIVERSAL MEDIA LLC
30 Rockefeller Plaza(1221 Campus)
New York, NY 10112

nerdmatics
8149 Santa Monica Blvd
#404
West Hollywood, CA 90046-4912

NICOLAS LARIOS
206 Cork Way
Davenport, FL 33897

North Carolina Department of Revenue
BANKRUPTCY UNIT
PO BOX 1168
Raleigh, NC 27602-1168

OFFICE DEPOT
6600 N MILITARY TRAIL, S416N
BOCA RATON, FL 33496

Ollier, Lori
31459 Sonoma Lane
Temecula, CA 92591-2116

Outdoor America Images, Inc.  OAI
4545 W Hillsborough Ave
Tampa, FL 33614-5441

PATRICK A. HARRINGTON
PO Box 1019
Vidor, TX 77670-1019

PATRICK H AUTRY
(DUNDON CAPITAL PARTERS &
THOMAS G DUNDON)
BRANSCOMB PC
(DUNDON CAPITAL PARTNERS)
8023 VANTAGE DRIVE, SUITE 560

Paul M Halsey dba Admiral Video, LLC
503 E. Erie St.  Suite B
Lancaster, NY 14086-9506

Pavilion Management Company dba Hilton Phoen
Mesa Hotel
1011 W Holmes Avenue
Mesa, AZ 85210-4923

PCH TRIBUNE LLC DBA NUMBER SIX LLC
4770 S 5600 W
West Valley City, UT 84118-7400

PCS Production Company, LP
1551 Corporate Drive
Suite 125
Irving, TX 75038-2450

Polian Consulting
C/O  IRVING WALKER
COLE SCHOTZ PC
300 LOMBARD ST #1450
BELTIMORE, MD 21202

PORTER  HEDGES LLP
AARON J POWER
1000 MAIN STREET 36TH FL
HOUSTON, TX 77002

PRISMIC IO, Inc.
185 Alewife Brook Parkway, Suite 210
Cambridge, MA 02138-1104

Prospect Productions LLC dba Barnicle
175 Varick St. 2nd floor
New York, NY 10014-5856

Reed, Michael
16165 Cayenne Ridge Rd
San Diego, CA 92127-3707

RENEE STOUT
2630 Fallbrook Dr.
Oviedo, FL 32765

Residence Inn by Marriott Orlando Downtown
680 N Orange Ave
Orlando, FL 32801-1374

Rheinbold, Jim
10437 La Morada Dr
San Diego, CA 92124-1011

RHINO ARIZONA, LLC
125 W Julie Dr.
Tempe, AZ 85283

ROBERT ZEARFOSS
2548 Rio Cordillera
San Antonio, TX 78006

Royal Restrooms Mountain West, LLC
563 N Colorado St
Salt Lake City, UT 84116-2505

RUSSELL W MILLS
BELL NUNNALLY & MARTIN LLP
2323 ROSS AVE SUITE 1900
DALLAS, TX 75201

RUSSELL W. MILLS
(DUNDON CAPITAL PARTNERS
& THOMAS G DUNDON)
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

Russell, John
3642 Terrace Place
Carlsbad, CA 92010-6593

RUTHER PALMER
1827 Schley Ave.
San Antonio, TX 78210

Safety Services, Inc. dba U.S. Safety Servic
5525 Blanco Rd. Suite 124
San Antonio, TX 78216-6678

SAMANTHA EVANS
539 Parkmont Ct
San Antonio, TX 78258

SAN ANTONIO BUSINESS JOURNAL
C/O SZABO ASSOC INC
3355 LENOX RD NE SUITE 945
ATLANTA, GA 30326

SAN ANTONIO EXPRESS
c/o Zalina Tsarakova
4747 Southwest Freeway
Houston, TX 77027

SCOTT ENOS
14718 EAGLES CROSSING DRIVE
ORLANDO, FL 32837-6923

Security Industry Specialists Inc. - SIS
20 West Galer Street
Seattle, WA 98119

SECURITY INDUSTRY SPECIALISTS, INC.
C/O WAYNE R TERRY
15910 VENTURA BOULEVARD 12TH FL
ENCINO, CA 91436

Shapins, William
13119 Lakeshore Grove Drive
Winter Garden, FL 34787-5459

Shavers, Brenda S
574 Terry Street Southeast
Atlanta, GA 30312-2838

SHOCK DOCTOR INC.
11488 SLATER AVE
FOUNTAIN VALLEY, CA 92708-5440

Signal Wiz - Technical Services
6822 Fisk Avenue
San Diego, CA 92122-2437

Silverman Group
436 Orange Street
New Haven, CT 06511-6402

Skousen, Lindsay
459 Virginia Dr
Winter Park, FL 32789-5806

Smith, Charles
4233 Avacado Blvd
La Mesa, CA 91941-7125

Sneaky Big Studios, LLC
15750 N. Northsight Blvd.
Scottsdale, AZ 85260-1936

Sodexo
c/o Thomas Stanton, Ass Gen Counsel
9801 Washingtonian Blvd 12th Fl
Gaithersburg, MD 20878

SPECTRUM REACH/CHARTER
PO BOX 936671
ATLANTA, GA 31193-6671

STACIE JOHNSON
3039 Chavez Ave
Clermont, FL 34715

Stallard, Diane
1503 South Silverstone Court
Orange City, FL 32763-6256

STATE OF ALABAMA
DEPT OF REVENUE
PO BOX 320001
MONTGOMERY, AL 36132-0001

STEVE MARIUCCI
c/o Arnie Herz
14 Vanderventer Ave, suite 255
Port Washington, NY 11050

STEVEN SHAFER
1290 Rip-Jay Circle
Canyon Lake, TX 78133

Stieg, Frank
215 Salvador Square
Winter Park, FL 32789-5618

Tarasewich, Thomas
3647 All American Blvd
Orlando, FL 32810-4726

Tastinger, Anthony
14867 Hawksmoor Run Circle
Orlando, FL 32828-7510

TEAMWORKS INNOVATIONS, INC.
122 E Parrish Street
Durham, NC 27701

THE MONTAG GROUP, LLC
14 Vanderventer Ave Suite 255
Port Washington, NY 11050

THEODORE J COTTRELL
4580 REGENCY TRACE SW
ATLANTA, GA 30331

THREE SISTERS PARTNERSHIP
c/op Russell Savory
Beard & Savory
119 S main St Suite 500
Memphis, TN 38103

TIMOTHY GRANT
867 S Grant St.
Longwood, FL 32750-5507

TNT Game Truck, LLC
26788 Rhapsody Ct.
Menifee, LA 92584-2714

Tompkins, John
4703 Camberley Ct.
San Diego, CA 92154-8407

TREY BATES
215 N Center
#310
San Antonio, TX 78202

TRI-C Club Supply Inc.
32615 Park Lane St.
Garden City, MI 48135-1528

TRT DEVELOPMENT COMPANY
Omni SA Hotel
c/o Kristen A Miller Reinsch
4001 Maple Ave, Suite 600
Dallas, TX 75219

Varner, Nicole
221 Crumley Street SW
Atlanta, GA 30312-2609

Vaughn, Nia
405 Pleasant Hill Road 30047-2980

VITAC Corporation
8300 E Maplewood Ave Suite 310
Greenwood Village, CO 80111-4851

Wadley, Jim
786 West Solana Circle
Solana Beach, CA 92075-2358

WALTER JOHN ELLIS DBA SPORTS & BROA-
CAST SERVICE, 12101 E Mountain View Rd.
Scottsdale, AZ 85259

Ward, Thomas
612 Angelica Circle,
Cary, NC 27518-8727

Watson, Kenneth
3503 Tree Crossing Parkway,
Birmingham, AL 35244-4095

WAYNE TERRY
HEMAR ROUSSO & HEALD
15910 VENTURA BOULEVARD, 12TH FL
ENCINO, CA 91436

WCF Mutual Insurance
c/o Law Offices of William B King, PC
3511 Broadway
San Antonio, TX 78209

Weber, Jake
1120 Ecology Loop
Eads, TN 38028-3416

WEIL GOTSHAL & MANGES LLP
YEHUDAH BUCHWEITZ & GARRETT FAIL
(CBS)
767 FIFTH AVE
NEW YORK, NY 10153

WEIL GOTSHAL & MANGES LLP
ALFREDO PEREZ
700 LOUISIANA ST SUITE 1700
HOUSTON, TX 77002

Wellman, Dale
2692 Indigo Drive
El Cajon, CA 92019-3869

WFTV TELEVISIONC/O SZABO
ASSOCIATES INC
3355 LENOX RD NE SUITE 945
ATLANTA, GA 30326

WHBQ TELEVISION
C/O SZABO ASSOC INC
3355 LENOX RD NE SUITE 945
ATLANTA, GA 30326

WHBQ-TV - Cox Media Group NE, Inc.
P.O Box 82393
Chicago, IL 80691-0293

WHBQ-TV - Cox Media Group NE, Inc., Jay
6080 Mt. Moriah Road EXT
Memphis, TN 38115-2645

WILLIAM ENGSTRAND
1505 S SILVERSTONE CT.
ORANGE CITY, FL 32763

WILLIAM J NEULS
4910 Hershey Dr
San Antonio, Tx 78220

WILLIAM MICHAEL MURRAY
4019 Conway Place Circle
Orlando, FL 32812

WILLIAM ROBERTS
413 Four Seasons Ave
mascotte, FL 34753

Wilson, Joy
15330 75 Avenue N.
Palm Beach Gardens, FL 33418-1901

Wolff, Steve
2131 Palomar Airport Road Ste. 330
Carlsbad, CA 92011-1466

WRSV RADIO
C/O SZABO ASSOC INC
3355 LENOX RD NE, SUITE 945
ATLANTA, GA 30326