

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 23, 2019.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| LEGENDARY FIELD EXHIBITIONS, LLC, | § | CASE NO. 19-50900-CAG |
| *et al.* | § | |
| DEBTORS. | § | Chapter 7 |

**ORDER GRANTING SILICON VALLEY BANK'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY TO DEBIT DEPOSIT ACCOUNTS**

On August 12, 2019, the Court conducted a hearing on the Motion for Relief from the Automatic Stay to Debit Direct Deposit Accounts (the "Motion") filed by Silicon Valley Bank (the "Bank"). The duly appointed chapter 7 trustee (the "Trustee") and counsel for the Bank appeared at the hearing. After considering the Motion, any responses thereto, and based upon the record in this case, and sufficient cause appearing therefore, and for the reasons set forth on the record at the hearing, the Court is of the opinion that the Motion should be approved and the following order should be entered.

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      The Motion is hereby granted as set forth herein.

2.      As of the date of entry of this order on the docket, the automatic stay of 11 U.S.C. § 362 is hereby modified to allow the Bank to debit the cash collateral held in the Collateral Accounts (as defined in the Motion) and apply such funds to the outstanding balance of the Debtors' obligations to the Bank under the Bank Services Agreements in full satisfaction of the Bank's Secured Claim (as set forth in the Motion), except as set forth herein with respect to the portion of the Secured Claim that relates to attorneys' fees.

3.      With respect to the portion of the Secured Claim relating to attorneys' fees, counsel to the Bank shall file a short statement on the docket in this case that sets forth the amount of fees incurred, accompanied by reasonably detailed invoices (subject to redaction of attorney-client and work product, or other, privileged information) (a "<u>Fee Request</u>").  The Bank shall serve the Fee Request only upon the Trustee and the Office of the United States Trustee (the "<u>UST</u>").

4.      Any objections by the Trustee or the UST to the Fee Request shall be filed on or before seven (7) days following the date of service of the Fee Request upon the Trustee and the UST.  After the expiration of the 7-day objection period, the Court will consider the Fee Request with respect to any disputed amounts the subject of a filed objection.  Any fees and expenses that are not the subject of a filed objection may be promptly debited from the Collateral Accounts by the Bank after the expiration of the 7-day objection period.  Within seven (7) days of entry of an order by the Court regarding the Fee Request, and following the Bank's final debit of funds from the Collateral Accounts, the Bank shall turn over any remaining balance of funds held in the Collateral Accounts to the Trustee.

2

5.      The automatic stay of 11 U.S.C. § 362 is further modified to permit the Bank to close the Collateral Accounts, and terminate the Bank Services Agreements (as such terms are defined in the Motion), except for obligations of the Bank Services Agreements that expressly survive the termination thereof.

6.      The fourteen (14) day stay provided for under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply to this Order, which is immediately effective upon its entry on the docket in this bankruptcy case.

###

Order Prepared By:

Jennifer F. Wertz
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2247
Email: jwertz@jw.com

3