IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| LEGENDARY FIELD EXHIBITIONS, § | CASE NO. 19-50900-CAG | |
| LLC, ET AL. § | SUBSTANTIVELY CONSOLIDATED | |
| § | (Chapter 7) | |
| Debtors. § | | |
| RANDY OSHEROW, § | | |
| CHAPTER 7 TRUSTEE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Adversary No._____ | |
| § | | |
| ISOLYNX, LLC § | | |
| Defendant. § | | |

## COMPLAINT

Randy Osherow, chapter 7 trustee of the substantively consolidated estates of Legendary Field Exhibitions, LLC, et al.[1] (the "Trustee"), files this Complaint against IsoLynx, LLC to set aside preferential transfers under 11 U.S.C. § 547.

### PARTIES AND JURISDICTION

1.  The Trustee is the duly appointed chapter 7 trustee in these cases. The Trustee may be served with pleadings and process in this adversary proceeding through his undersigned counsel.

2.  IsoLynx, LLC ("Defendant") is a Delaware limited liability company. IsoLynx, LLC will be served with the summons and this Complaint at its principal place of business located at 179 Ward Hill Avenue, Haverhill, Maine 01835.

3.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (b)(2)(O).

---

[1] The substantively consolidated cases are *In re Legendary Field Exhibitions, LLC*, Case No. 19-50900; *In re Ebersol Sports Media Group, Inc.*, Case No. 19-50904; *In re AAF Players, LLC*, Case No. 19-50902; *In re AAF Properties, LLC*, Case No. 19-50903; *In re LFE2, LLC*, Case No. 19-50905; and *In re We are Realtime, LLC*, Case No. 19-50906.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 547 and 550.

## SUMMARY OF THIS ADVERSARY PROCEEDING

6. In the 90 days prior to the commencement of this bankruptcy case, Defendant received payments totaling $104,000.00 from the Debtor. The Trustee seeks to recover the payments as preferential transfers under § 547.

## STATEMENT OF FACTS

7. Legendary Field Exhibitions, LLC, Ebersol Sports Media Group, Inc., AAF Players, LLC, AAF Properties, LLC, LFE2, LLC, and We are Realtime, LLC (collectively, the "Debtors") filed voluntary chapter 7 cases on April 19, 2019 (the "Bankruptcy Cases"). Randolph N. Osherow was appointed as Chapter 7 Trustee thereafter and continues to serve in that capacity.

8. On the Trustee's motion, the Court substantively consolidated the Bankruptcy Cases into, *In re Legendary Field Exhibitions, LLC*, Case No. 19-50900 [Docket No. 150].

9. During the ninety days prior to the petition date, Defendant received the following payments from the Debtors totaling $104.000.00:

| Payment Method[2] | Payment Date | Amount |
|---|---|---|
| ACH | 02/06/19 | $104,000.00 |
| | | **$104,000.00** |

10. On January 4, 2021, the Trustee sent a letter to the Defendant demanding the return of the preferential payments. Defendant has failed to return the payments.

---

[2] The Debtors primarily processed payments to their vendors through Bill.com which were sent by ACH or check.

### RECOVERY OF PREFERENTIAL TRANSFERS

11. The payments to Defendant are avoidable as preferential transfers under 11 U.S.C. § 547. An avoidable preferential transfer is a transfer made (i) within 90 days; (ii) on account of an antecedent debt; (iii) to or for the benefit of a creditor; (iv) made while the debtor was insolvent; and (v) that enables the creditor to receive more than it would have been paid in a chapter 7 bankruptcy.

12. The payments were transfers of an interest in property of the Debtor. The payments occurred within 90 days of the petition date for amounts owed to the Defendant. The Debtor is presumed to be insolvent within the 90 days preceding the case (11 U.S.C. § 547(f)) and was, in fact, insolvent at the time of the payments. The payments would allow the Defendant to receive more than it would in a chapter 7 case.

13. Under § 550(a) of the Code, the Trustee may recover the payments from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a). Defendant is both the initial transferee and the entity that benefited from the preferential transfers. Consequently, the Trustee is entitled to avoid the payments and recover the sum of $104,000.00, plus pre- and post-judgment interest from the Defendant.

### PRAYER

Accordingly, the Trustee requests:

- A money judgment against IsoLynx, LLC in the amount of $104,000.00;
- Pre- and Post-judgment interest on all damages awarded hereunder; and
- Such other and further relief as is just.

**Dated: March 11, 2021.**

        Respectfully submitted,

        **McCLOSKEY ROBERSON & WOOLLEY, PLLC**

By: _/s/ Thomas A. Woolley, III_____
        Timothy M. McCloskey
        SBOT: 13417650
        tmccloskey@mrwpllc.com
        Thomas "Rusty" A. Woolley
        SBOT: 24042193
        rwoolley@mrwpllc.com
        945 Heights Boulevard
        Houston, Texas 77008
        713-868-5581
        713-868-1275 (fax)

**SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE, RANDY OSHEROW**