DocuSign Envelope ID: E3185D1B-2CDD-4BF5-A1F4-9E8268084824

# EXHIBIT A

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Settlement Agreement") is made by and between Randy Osherow, the Chapter 7 Trustee (the "Trustee") of the substantively consolidated estates of Legendary Field Exhibitions, LLC, et al. in Case No. 19-50900-CAG, pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Bankruptcy Cases") on behalf of the bankruptcy estates and MWW Group, LLC ("MWW"). Hereinafter, the Trustee and MWW are collectively referred to collectively as the "Parties".

WHEREAS, on April 19, 2019, Legendary Field Exhibitions, LLC and certain related entities (the "Debtors") filed their voluntary petitions for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases[1];

WHEREAS, on March 11, 2021, Trustee filed Adversary No. 21-5011, *Osherow v. MWW Group, LLC*, in the United States Bankruptcy Court for the Western District of Texas (the "Adversary") asserting that MWW had received certain payments from the Debtors that were avoidable under 11 U.S.C. § 547 of the Bankruptcy Code.

WHEREAS, in response to the Trustee's allegations, MWW raised certain defenses to the avoidance of the transfers;

WHEREAS, following good faith negotiations to resolve the disputed issues involving the transfers, the Trustee and MWW desire to settle and compromise all related claims on the terms set forth herein to avoid the cost and uncertainty of further litigation; and

**NOW THEREFORE,** the Parties agree as follows:

1. Payment. Within ten (10) days of approval of this Settlement Agreement by the Bankruptcy Court, MWW agrees to pay $17,388.00 (the "Settlement Payment") to the Trustee by check made payable to "Randy Osherow, Chapter 7 Trustee". The settlement payment shall be delivered to Rusty Woolley at McCloskey Roberson, PLLC, 945 Heights Blvd., Houston, Texas 77008.

2. Mutual Releases. Both Parties acknowledge that this Settlement Agreement is intended to fully resolve any and all of MWW's liability to the bankruptcy estates, including, but not limited to, any liability under Chapter 5 of the Bankruptcy Code for any transfers made from the Debtors to MWW.

   a. In consideration of the Settlement Payment, the Trustee, on behalf of the bankruptcy estates, does hereby irrevocably release, acquit and forever discharge MWW from any and all actions, causes of action, claims, suits, and liability of

---

[1] The substantively consolidated cases are *In re Legendary Field Exhibitions, LLC*, Case No. 19-50900; *In re Ebersol Sports Media Group, Inc.*, Case No. 19-50904; *In re AAF Players, LLC*, Case No. 19-50902; *In re AAF Properties, LLC*, Case No. 19-50903; *In re LFE2, LLC*, Case No. 19-50905; and *In re We are Realtime, LLC*, Case No. 19-50906.

1

DocuSign Envelope ID: E3185D1B-2CDD-4BF5-A1F4-9E8268084824

every kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, or in law or equity, including but not limited to all claims arising out of or related to any transfers made by the Debtors or on behalf of the Debtors to MWW for which the Trustee could assert a claim.

b. In consideration for the waiver and release of any and all claims asserted, or which could be asserted by the Trustee against MWW, MWW does hereby irrevocably release, acquit and forever discharge the Trustee and the bankruptcy estates, from any and all actions, causes of action, claims, suits, and liability of every kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, or in law or equity, including but not limited to claims arising out of or related to any transfers made by the Debtors or on behalf of the Debtors.

3. Proof of Claim and Waiver of 502(h) Claim. The Trustee will not object to MWW filing a single claim in the amount of $98,397.21 in the Debtors' Bankruptcy Cases. MWW waives any right it has to a claim under Section 502(h) of the Bankruptcy Code.

4. Dismissal of the Adversary. Within five (5) days of receipt of the Settlement Payment in good and available funds, the Trustee will dismiss the Adversary with prejudice.

5. Bankruptcy Court Approval. This Settlement Agreement is subject to the entry of a final order by the Bankruptcy Court in the Bankruptcy Cases approving the terms of settlement herein.

6. No Admission of Liability. Each of the Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

7. Entire Agreement. This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

8. Voluntary Act. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms as set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement, and it is signing this Settlement Agreement or its own freewill.

9. Attorney Fees. Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

DocuSign Envelope ID: E3185D1B-2CDD-4BF5-A1F4-9E8268084824

10. **No Assignment.** Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

11. **Execution in Counterparts.** It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

AGREED TO:

RANDY OSHEROW
Chapter 7 Trustee
Date: 8/31/2021

MWW GROUP, LLC

By: William J. Starace
Its: EVP & CFO
Date: 8/26/2021

3