**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 19-50900-CAG-7 |
| | ) | Chapter: 7 |
| Legendary Field Exhibitions, LLC, et al. | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

# OBJECTION TO TRANSFER OF CLAIM AND/OR TOLLING OF TRANSFER OF CLAIM

**NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST FOR HEARING**

Pursuant to Local Rule 3007(a) and Local Rule 9014(a), the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service.

**This pleading requests relief that may be adverse to your interests. If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held. A timely response is necessary for a hearing to be held.**

Pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, Trent Richardson ("Mr. Richardson"), hereby objects to the transfer of claim (Dkt. No. 492) in this case filed by Dilks & Knopik, LLC on November 4, 2022 (Notice mailed electronically on November 9, 2022)

1. On April 10, 2019, Colton Schmidt and Reggie Northrup (collectively, "Lead Plaintiffs"), acting on behalf of a class of the AAF's players, filed a class action against Debtors and certain of Debtors' executives in San Francisco County Superior Court as case no. CGC-19-575169 ("Class Action"). The Class Action was successfully moved, transferred, and referred to the United States Bankruptcy Court for the Western District of Texas where it was instantiated as

an adversary proceeding, *Schmidt, et al. v. AAF Players, LLC, et al.*, Case No. 19-05053 (Bankr. W.D. Tex.) ("Class Adversary").

2. On or about April 17, 2019, Debtors all filed Chapter 7 petitions pursuant to 11 U.S. Code § 701, *et seq.* The Debtors' Chapter 7 proceedings are being jointly administered in this Court under Case No. 19-50900-cag. Randolph N. Osherow ("Trustee") was appointed as Chapter 7 Trustee for each of the Debtors' estates and continues to serve in that capacity.

3. On July 14, 2019, Lead Plaintiffs filed a Proof of Claim, No. 214 ("Class Proof of Claim") in the core bankruptcy proceeding. (Case No. 19-50900, [Dkt. No. 214].). The Trustee objected to the Class Proof of Claim on various merits and procedural grounds ("Claim Objection"). See Case No. 19-50900, [Dkt. Nos. 269-270]. On motion by Lead Plaintiffs, the Court consolidated the Claim Objection with the Class Adversary. (Case No. 19-50900, [Dkt. No. 272].).

4. On or about August 23, 2021, Lead Plaintiffs agreed to a settlement of the class members' claims in the Class Adversary as to certain defendants, including Debtors, and the Trustee's Claim Objection. (Dkt. No. 175-1.).

5. On October 26, 2021, the Court granted the Trustee's application to compromise and settle, pursuant Fed.R.Bankr. 9019, the claims brought by Lead Plaintiffs in the Class Adversary against certain defendants, including Debtors. (Case No. 19-50900, [Dkt. No. 454].).

6. On November 3, 2021, the Court granted Lead Plaintiffs' motion, pursuant to Fed. R. Bankr. 7023; Fed. R. Civ. P. 23(a); and Fed. R. Civ. P. 23(b), for preliminary approval of the partial settlement of the claims brought by Lead Plaintiffs in the Class Adversary. (Dkt. No. 194.).

7. On February 9, 2022, the Court granted final approval of the class settlement between Class Plaintiffs and Debtors regarding the claims brought by Lead Plaintiffs against Debtors. The Court also appointed the law firms Abir Cohen Treyzon Salo, LLP ("ACTS Law") and Thompson Coburn, LLP as class counsel. (Case No. 19-05053, Dkt. No. 215.).

8. Consistent with the terms of the partial settlement of the Class Adversary, each putative class member who opted into the settlement filed an individual proof of claim against Debtors' bankruptcy estate.

9. On or about June 3, 2022, Mr. Richardson, through counsel, opted into the partial settlement of the Class Adversary by filing an individual proof of claim. (Claim No. 462).

10. On or about June 20, 2022, the Trustee began initial distribution payments towards the partial settlement of the Class Adversary. Each class member who opted into the settlement was to receive an initial payment in the amount of $2,805.39.

11. On or about November 2, 2022, The Trustee filed a report of unclaimed funds (Case No. 19-50900-cag, Dkt. No. 491). Approximately 38 class members, including Mr. Richardson, who opted into the partial settlement of the Class Adversary had not deposited the check for their initial $2,805.39 payment or had not received the check due to an incorrect mailing address or an issue with delivering the check.

12. On or about November 4, 2022, Dilks & Knopik, LLC filed a transfer of claim form for and on behalf of Mr. Richardson. In exchange for the services performed, Dilks & Knopik, LLC impermissibly reduced the $2,805.39 initial distribution amount payable to Mr. Richardson to $1,739.34. Furthermore, the transfer of claim filed by Dilks & Knopik, LLC is not solely related to the unclaimed funds, but the entirety of $193,650.00 claim Trent Richardson had as a result of the partial settlement of the Class Adversary.

13. Dilks & Knopik, LLC is not merely a volunteer funds locator and, by way of the assignment of Mr. Richardson's claim, seeks to collect a "finder's fee" from the $2,805.39 initial distribution amount payable to Mr. Richardson. The assignment of Mr. Richardson's claim is not supported by valuable consideration. (See *In re Ashford*, 73 B.R. 37, 39–40 (Bankr. N.D. Tex. 1987); *In re AFI Services, LLC*, 486 B.R. 827, 836 (Bankr. S.D. Tex. 2013); *Kirby-Carpenter Co. v. Burnett*, 144 F. 635, 636 (5th Cir. 1906).)

14. To date, the Court's docket does not reflect that Mr. Richardson has filed an application for unclaimed funds. Any promises Dilks & Knopik, LLC made to Mr. Richardson were hollow. While Mr. Richardson has surrendered his legal right to the unclaimed funds and the remainder of his $193,650.00 claim, Dilks & Knopik, LLC has incurred no detriment, nor provided

Mr. Richardson with sufficient benefit in exchange for Mr. Richardson's legal right to the funds or his claim.

15. Pursuant to the addendum to Attorney/Client Retainer Agreement Class Action, signed on October 11, 2019, pertaining to the Class Adversary, the scope of services provided by Class Counsel encompasses, amongst other things, **prosecuting proofs of claim** and **defending against objections propounded to our proofs of claim**. (emphasis added).

16. Kenny Bell, Scott Daly, Charles Wynn (a/k/a Dylan Wynn), Sione Teuhema, DeMornay Pierson-El, and Giorgio Newberry are among the class members who allege, *inter alia*, that Dilks & Knopik, LLC contacted them between November 2, 2022, and November 4, 2022 and made a series of alleged misrepresentations. Among other things, Dilks & Knopik, LLC claimed (1) to be a law firm comprised of experience attorneys who would assist the class members in submitting their applications to the Bankruptcy Court to retrieve the unclaimed funds; (2) Dilks & Knopik, LLC was agent of the Bankruptcy Court and/or was otherwise involved in the Class Adversary and/or Debtors' core bankruptcy proceeding; and (3) ACTS Law and Thompson Coburn, LLP permanently closed and were no longer in business. (See Declaration of Jonathon Farahi attached hereto as **Exhibit A**.) Upon being contacted by Class Counsel and confronted with these facts, Dilks & Knopik, LLC agreed to withdraw their applications in regard to mentioned Class Members.

17. Dilks & Knopik, LLC's course of action with respect to the unclaimed funds and the transfer of the Class Members' proofs of claim is its standard business practice as evidenced by bankruptcy court decisions in other jurisdictions. (see e.g., *In re Checker Flag Lightning, LLC*, Case No. 07-04223-swd, Dkt. No. 105 (W.D. Mich. Aug. 9, 2012); *In re Everett*, Case No. 15-20328 (S.D. Tex. Nov. 29, 2018); *In re Rodriguez*, 488 B.R. 675 (Bankr. E.D. Cal. 2013); *In re Granda*, Case No. 04-18988-BKC-RAM (Bankr. S.D. Fla., Oct. 20, 2008); and *In re Scott*, Case No. 05-16028-BKC-AJC (Bankr. S.D. Fla., Oct. 17, 2007).)

18. Recognizing Dilks & Knopik, LLC's pattern of conduct towards other Class Members, Class Counsel attempted to contact Mr. Richardson to verify whether he had full

understanding of the transfer of his claim and whether Dilks & Knopik, LLC tried to mislead him as they had with other Class Members. All of Class Counsel's attempts to contact Mr. Richardson via telephone and electronic email have so far been unsuccessful. (See Declaration of Gina Olivarez attached hereto as **Exhibit B**.)

19. Trent Richardson, through his counsel of record, respectfully asks this Court to sustain his objection to transfer of claim or in the alternative toll the effect of transfer of claim for the period of 60 days which would give Class Counsel sufficient time to contact Mr. Richardson to determine whether the transfer of his claim was made in good faith rather than as a product of fraud, misrepresentation, conversion, and intentional interference with contractual relations perpetrated by Dilks & Knopik, LLC.

          Respectfully submitted,
          **ABIR COHEN TREYZON SALO, LLP**

Dated: December 1, 2022      By: */s/ Jonathon Farahi, Esq.*
          Jonathon Farahi (CA SBN 324316)

          Abir Cohen Treyzon Salo, LLP
          16001 Ventura Boulevard, Suite 200
          Encino, California 91436
          Phone: (424) 288-4367
          Fax: (424) 288-4368
          jfarahi@actslaw.com